IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| JOSEPH WOJCICKI, | ) | C/A 1:06-461-HFF-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| AIKEN TECHNICAL COLLEGE, SUSAN A. | ) | |
| WINSOR (EX.GRAHAM), WILLIAM TILT, | ) | |
| THOMAS DESROCHER, LEE POWELL, | ) | |
| | ) | |
| Defendants. | ) | |

This civil rights action was filed by the Plaintiff, pro se. The exact nature of Plaintiff's claims are difficult to discern from a plain reading of the allegations of the Complaint, which are set forth hereinbelow, in toto:

> All four persons, ATC employees, acting in conspiracy, maliciously caused my health problems that almost killed me in August 2004. I have been harassed many, many months, in criminal ways, with aspects of the discrimination because of my higher technical knowledge, age, national origin, retaliation after reporting facts of wrong administrative and financial decisions, sabotage my engineering program, violations of State laws and Technical Education System policy. My overload was not paid, my return to work was clocked to the situation when I had to leave TERI (Teacher and Employee Retention) program with much lower benefits which I should have as an instructor and Program Coordinator having the highest credentials in the department. Surviving the holocaust, and harsh communistic rules in Poland after World War II, I had earned an endurance that somehow let me survive direct, entirely unfair, groundless, vicious attacks done by VP Trit for the laws years of my 15-year employment at ATC. He has, of course encouraged by other three persons. They had their own egotistic goals to remove my person and my program from ATC. May they avoid any responsibility even for my death as they were tolerated and allowed to kill



the best engineering program in ATC?

Plaintiff seeks payment for unpaid wages (apparently overtime), compensation for other lost wages and/or lower retirement benefits, as well as other monetary damages. See generally, Verified Complaint.

The Defendants filed a motion to dismiss pursuant to Rule 12(b), Fed.R.Civ.P., on April 17, 2006. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on April 18, 2006, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. In response, Plaintiff has filed several motions for default judgment based on the Defendants' failure to file an answer in this case, and he has also asked for summary judgment himself. These motions are now before the Court for disposition.[1]

**Discussion**

When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991); (quoting Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991)). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e) and (g), D.S.C. The parties have filed motions to dismiss and for summary judgment. As these motions are dispositive in nature, this Report and Recommendation is entered for review by the Court.

2



the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). As the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard. However, even though summary dismissal of a case pursuant to Rule 12 is disfavored, Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

Here, Defendants argue in their motion to dismiss that all of Plaintiff's claims and/or causes of action have been, or should have been, litigated in prior proceedings and are therefore barred by the doctrine of res judicata. Defendants also note that, insofar as Plaintiff makes allegations of criminal misconduct, relief for any such claims is not available in a civil lawsuit.[2] Attached to Defendants' motion is a copy of Plaintiff's previous complaint against the Defendant Aiken Technical College (a lawsuit in which he was represented by counsel), in which he makes claims of employment discrimination and alleges loss of income and benefits, as well as emotional and medical damages.[3] Defendants' Exhibit A. Defendants have also provided documentation to show that that case was settled, resulting in a stipulation of dismissal. Defendants' Exhibit B. While

---

[2] As a private citizen, Plaintiff cannot direct that a state or federal law enforcement agency charge other individuals with criminal violations of state or federal law. See Lane v. Correll, 434 F.2d 598, 600 (5th Cir. 1970).

[3] While consideration of matters outside the pleadings will normally serve to convert a Rule 12 motion to a Rule 56 motion for summary judgment, that is not the case where the matters considered are matters of public record. Briggs v. Newberry County Sch. District, 838 F.Supp. 232, 233-234 (D.S.C. 1992), aff'd, 989 F.2d 491 (4th Cir. 1993).



Plaintiff subsequently attempted to void the settlement agreement in that case, a motion to enforce the settlement was granted. Defendant's Exhibit D; see also Wojcicki v. Aiken Technical College, C/A No. 1:02-2098; Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) [This Court may take judicial notice of its own records.]. Defendants argue that Plaintiff's current Complaint is based on the same claims as his previous litigation, and is therefore subject to res judicata dismissal. Harnett v. Billman, 800 F.2d 1308, 1313 (4th Cir. 1986) ["Res judicata precludes the litigation by the plaintiff in a subsequent action of claims 'with respect to all or any part of the transaction, or series of connected transactions, out of which the first action arose.'"] (quoting Restatement (Second) of Judgments § 24(1)), cert. denied, 480 U.S. 932 (1987).

In his various responses, Plaintiff argues that the lawsuit he filed in 2002 "covered completely different events and facts." Plaintiff specifically notes his new claims of criminal activity, and further argues that the conduct of which he complains continued in the year 2004, leading to his having a heart attack in August 2004, a time period not covered by the previous litigation. See generally, "Plaintiff's Second Motion for the Default/Summary Judgment for Claimant(Plaintiff)", with attached statement. Nevertheless, it is readily apparent from Plaintiff's own filings that at least some of the claims and/or relief involved in his current lawsuit relate to the time period of his previous litigation. See "Second Notice of Relief Calculations" (Court Document No. 31), with attached financial itemization. Under the applicable caselaw, Plaintiff may not relitigate those claims already disposed of in his earlier case. Harnett, 800 F.2d at 1313; see also Meekins v. United Transportation Union, 946 F.2d 1054, 1057 (4th Cir. 1991) ["Res judicata precludes the assertion of a claim after a judgment on the merits in a prior suit by parties or their privies based on the same cause of action."]; Sedlack v. Braswel Services Group, Inc., 134 F.3d 219

4



(4th Cir. 1998) ["Collateral estoppel forecloses 'the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate."] (quoting Ramsay v. INS, 14 F.3d 206, 210 (4th Cir. 1994)); see In re Varat Enterprises, Inc., 81 F.3d 1310 (4th Cir. 1996); Briggs, 838 F.Supp. at 234 [discussing doctrine of claim preclusion, which refers to the preclusive effect of a judgment in foreclosing litigation of matters which should have been raised in an earlier lawsuit]. Therefore, with respect to any claims Plaintiff may be asserting that derive out of his previous litigation, the Defendants' motion should be granted, and those claims should be dismissed.

However, any claims Plaintiff may be asserting arising out of alleged actions and/or conduct of the Defendants from 2004 would not be precluded from litigation by the doctrine of res judicata. The Court does not know exactly what that alleged conduct is, however, due to the general and conclusory nature of Plaintiff's Complaint, nor does the undersigned find that the Defendants have been given fair notice of exactly what Plaintiff's claims are for that time period. Further, there is no indication in the pleadings or other documents filed with this Court as to whether, to the extent Plaintiff is pursuing discrimination claims under Title VII or the ADEA, he has exhausted his administrative remedies as required by law. To the extent Plaintiff may be asserting state law causes of action, it is again unclear exactly what those state law claims are, against whom they are being asserted, or whether they even apply to the relevant time period at issue. Therefore, with respect to any claims being asserted by the Plaintiff which post date his previous lawsuit, he should be required to file an amended Complaint specifically setting forth those claims, and the parties he is asserting those claims against. Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996 ["While the pleading standard



is a liberal one, bald assertions and conclusions of law will not suffice."]; Conley v. Gibson, 355 U.S. 41, 47 (1957) [A pleading must be specific enough to "give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."]; Huggins v. Hilton, 180 Fed.Appx. 814, 816 (10th Cir. 2006) [Pro se plaintiffs must allege specifically what each Defendant did to establish a cause of action]; see Rule 8(a), Fed.R.Civ.P. ["A pleading...shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends...(2) a short and plain statement of the claims showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks"].

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion to dismiss be **granted** with respect to any claims being asserted by the Plaintiff which predate the final disposition of his previous litigation.

With respect to any claims or causes of action Plaintiff may be intending to assert in this litigation which postdate his previous litigation, Defendants' motion should be denied, at this time. With respect to any such claims, Plaintiff should be given a deadline to file with the Court an amended complaint specifically setting out 1) the exact claims he is asserting against each named Defendant, 2) the jurisdictional basis for those claims, 3) the factual basis for those claims, and 4) the relief being sought. If Plaintiff fails to comply with this directive, this case should be dismissed, in toto.



Plaintiff's motions for entry of a default judgment against the Defendants should all be **denied.**

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

September 27, 2006



**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. *** We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

8

