IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Joseph Wojcicki, | ) | C/A No.1:06-461-HFF-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Aiken Technical College; Ms. Susan A. | ) | **REPORT AND RECOMMENDATION** |
| Winsor, ex Graham ATC president; Mr. | ) | |
| William Tilt, Associate Vice President of | ) | |
| Technical Education; Mr. Thomas DesRocher, | ) | |
| Program Coordinator; and Mr. Lee Powell, | ) | |
| Human Resources Director, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Joseph Wojcicki ("Wojcicki"), a self-represented litigant, filed this matter

alleging violations of his "civil-human rights" under Title VII of the Civil Rights Act of 1964, 42

U.S.C. §§ 2000e, et seq.; the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, et seq.;

and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621, et seq. Wojcicki also

appears to assert a state law claim, referencing the South Carolina Workers' Compensation Act

under Title 41 of the South Carolina Code. This matter is before the court pursuant to 28 U.S.C.

§ 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Wojcicki's

motions for "default/summary judgment." (Docket Entries 108 & 109.) The defendants filed a

response in opposition to Wojcicki's second motion (Docket Entry 110) and Wojcicki filed a reply

(Docket Entry 114).

**BACKGROUND**

Wojcicki initially filed this matter in February 2006. (Docket Entry 1.) In response to the

Complaint, the defendants filed a motion to dismiss, which was granted by the court. (Docket

Entries 14 & 35.) On appeal, the United States Court of Appeals for the Fourth Circuit vacated the court's decision and remanded the matter for further proceedings. On February 2, 2010, the defendants filed an Answer to Wojcicki's Complaint. (Docket Entry 96.)

Liberally construed, Wojcicki's motions appear to allege the following: 1) the defendants' answer raises affirmative defenses "for the first time;" 2) that counsel for the defendants has proceeded unethically in this matter; 3) the defendants have failed to respond to Wojcicki's request for production of documents;[1] and 4) the defendants filed documents with the court before the mandate had been received from the Fourth Circuit. (Docket Entries 108 & 109.) Wojcicki appears to argue that these circumstances warrant default or summary judgment against the defendants. In addition, Wojcicki's second motion appears to allege that the defendants should also be held in default for not filing a response to his first motion. (See Docket Entry 109.)

## DISCUSSION

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). The record shows that the defendants have properly answered Wojcicki's Complaint in accordance with the requirements of Rule 8(b). Additionally, Wojcicki's other contentions—concerning the alleged failure to respond to discovery, the alleged failure of the defendants to timely respond to Wojcicki's *motion*, the filing of the Answer on the same day as the mandate, and defense counsel's conduct—even if true would not entitle him to a

---

[1] The court observes that Wojcicki has since filed a motion to compel (Docket Entry 116), which is currently pending before the court.



judgment, default or otherwise. <u>See</u> Fed. R. Civ. P. 55 & 56. Accordingly, a default judgment against the defendants under Rule 55 of the Federal Rules of Civil Procedure would be inappropriate, and Wojcicki has not demonstrated that he is entitled to summary judgment under Rule 56.

## RECOMMENDATION

For the reasons stated above, the court recommends that Wojcicki's motions be denied.

(Docket Entries 108 & 109.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 13, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"   Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).