

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

JOSEPH WOJCICKI, §
       Plaintiff, §
 §
vs. § CIVIL ACTION NO. 1:06-461-HFF-PJG
 §
AIKEN TECHNICAL COLLEGE; SUSAN §
A. WINSOR, ex Graham ATC president; §
WILLIAM TILT, Associate Vice President §
of Technical Education; THOMAS §
DESROCHER, Program Coordinator; and §
LEE POWELL, Human Resources Director, §
       Defendants. §

## ORDER

This case was filed as an employment discrimination action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff's two motions for default judgment or summary judgment be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 13, 2010, and the Clerk of Court entered Plaintiff's objections to the Report on June 1, 2010. Plaintiff's objections consist largely of conclusory allegations that, even if true, would not entitle him to judgment as a matter of law. Plaintiff did, however, assert a few objections that warrant discussion.

Plaintiff asserts that Defendants' failure to respond to his first motion for default or summary judgment (Docket Entry 108) entitles him to default judgment. According to Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," Plaintiff may be entitled to an entry of default. In this case, however, Defendants filed an Answer to Plaintiff's Amended Complaint nine days prior to Plaintiff's motion for default judgment. (Docket Entry 96.) Therefore, default judgment would be improper under these circumstances. Plaintiff also contends that Defendants' failure to seasonably answer his initial Complaint is grounds for default judgment. However, this argument is without merit because Defendants timely challenged Plaintiff's original and Amended Complaints with Rule 12(b)(1) and 12(b)(6) motions to dismiss (Docket Entries 14 & 42) before serving their Answer.

Plaintiff further alleges that Defendants' failure to respond to his first motion (Docket Entry 108) warrants summary judgment. Plaintiff is correct in asserting that Defendants failed to file a timely response to his first motion. Nonetheless, summary judgment is permissible only where "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Thus, "[w]hile the non-moving party runs a great risk by not responding, such positive action is *not required* in all instances because the court

2

still may only grant summary judgment *if appropriate*." *Campbell v. Hewitt, Coleman & Associates, Inc.,* 21 F.3d 52, 55 (4th Cir. 1994) (emphasis added).

Plaintiff also contends that Defendants' late response to his second motion for default or summary judgment (Docket Entry 109) is grounds for summary judgment. Plaintiff filed his second motion on March 4, 2010. Defendants' response in opposition was filed on March 22, 2010, the due date calculated by the Clerk's office and indicated on the notice of electronic filing of Plaintiff's second motion. Thus, Plaintiff's contention that Defendants' response was belated lacks merit.

Finally, Plaintiff argues that he is entitled to summary judgment because Defendants failed to explain some of the denials made in their Answer and because some of their denials are misleading and fraudulent. As a starting point, the Court notes that Rule 8 of the Federal Rules of Civil Procedure fails to require Defendants to explain their denials. Furthermore, Plaintiff's assertion that parts of Defendants' Answer are misleading and fraudulent does not warrant summary judgment. When determining whether summary judgment is appropriate, "[t]he evidence and all reasonable inferences from the evidence must be viewed in the light most favorable to the nonmoving party." *Sempione v. Provident Bank of Maryland,* 75 F.3d 951, 954 (4th Cir. 1996). Thus, in reviewing the merits of Plaintiff's motion and viewing the evidence in the light most favorable to Defendants, the Court finds this objection to be without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, finding them to be without merit, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that because Plaintiff has failed to present any facts or evidence which would entitle him to judgment as a matter of law, his motions for default or summary judgment (Docket Entries 108 & 109) are **DENIED**.

**IT IS SO ORDERED**.

Signed this 9th day of June, 2010, in Spartanburg, South Carolina.

                                                s/ Henry F. Floyd
                                                HENRY F. FLOYD
                                                UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that they may be able to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.