IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Joseph Wojcicki, ) | |
|   ) | C.A. No. 1:06-cv-00461-MBS |
| Plaintiff, ) | |
|   ) | |
| vs. ) | |
|   ) | **ORDER AND OPINION** |
| Aiken Technical College; Ms. Susan A. ) | |
| Winsor, ex Graham ATC president; Mr. ) | |
| William Tilt, Associate Vice President of ) | |
| Technical Education; Mr. Thomas ) | |
| DesRocher, Program Coordinator; and ) | |
| Mr. Lee Powell, Human Resources Director, ) | |
|   ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Joseph Wojcicki is a former employee of Aiken Technical College, which is located in Graniteville, South Carolina. Plaintiff, proceeding pro se, filed a complaint against Defendants on February 15, 2006, alleging violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.; Americans with Disabilities Act (ADA), 42 U.S.C. §§ 1201, et seq.; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621, et seq.; and under unspecified state laws. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. This matter is before the court on Plaintiff's motion for reconsideration (ECF No. 251), and Plaintiff's "motion for explanation and victim's protection" (ECF No. 252).

**Background**

Plaintiff filed a motion for summary judgment on November 4, 2010. Defendants filed a response on November 22, 2010 and Plaintiff filed a reply on December 1, 2010. Defendants filed a motion for summary judgment on December 13, 2010. Following the issuance of an order

pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), Plaintiff filed a response on January 18, 2011, to which Defendant replied on January 28, 2010. The Magistrate Judge issued a Report and Recommendation on June 16, 2011, in which she recommended that Defendants' motion for summary judgment be granted and that Plaintiff's motions be denied. Plaintiff filed objections to the Report and Recommendation on July 5, 2011.

On September 30, 2011, the court filed an order granting summary judgment to Defendant and denying Plaintiff's motions, wherein it found that: 1) Plaintiff failed to meet the prima facie requirements for his Title VII and ADEA discrimination claims; 2) Plaintiff failed to sufficiently allege a valid ADA claim because he did not show that he was a "a qualified individual with a disability"; 3) Plaintiff's Title VII, ADA and ADEA retaliation claims failed because Plaintiff could not show that any adverse action allegedly taken against him was related to his "protected activity"; and 4) Plaintiff's Title VII and ADEA hostile work environment claims failed because the alleged harassment was not sufficiently severe or pervasive enough to alter the conditions of Plaintiff's employment.

On October 13, 2011, Plaintiff filed a motion for reconsideration pursuant to Rule 59(e) and Rule 60 of the Federal Rules of Civil Procedure. In his motion, Plaintiff sets forth what he believes to be are numerous errors of fact in the court's September 30, 2011 order. Further, Plaintiff re-alleges the facts from his complaint and argues that the court incorrectly granted summary judgment to Defendants. On October 31, 2011, Defendants filed a response in opposition to Plaintiff's motion for reconsideration, to which Plaintiff filed a reply brief November 2, 2011.

On October 13, 2011, Plaintiff also filed a motion styled, "motion for explanation and victim's protection." In his motion, Plaintiff seeks clarification of all of the court's denials of his motions in the instant case. Plaintiff contends that the court's orders "have no explanations." On

October 31, 2011, Defendant filed a response in opposition to Plaintiff's motion to which Plaintiff filed a reply brief on November 2, 2011.

## Discussion

*Standard of Review*

Motions for reconsideration are inappropriate merely to introduce new legal theories or new evidence that could have been adduced during the pendency of the prior motion. See Keene Corp. v. International Fidelity Ins. Co., 561 F. Supp. 656 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1982). A Rule 59(e) motion may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." See Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (citations omitted). The Fourth Circuit has emphasized that counsel's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. See Hutchinson v. Staton, 994 F.2d 1076 (4th Cir. 1993) (citing Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Like a 59(e) motion, Rule 60 provides for an extraordinary remedy that should not be awarded except under exceptional circumstances. See Mayfield v. National Ass'n for Stock Car Auto Racing, 674 F.3d 369, 376 (4th Cir. 2012). Rule 60(b) provides a means for the court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for six separately listed reasons including "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," "fraud," a void judgment, a satisfied, released or discharged judgment, and for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). Prior to establishing that one of the above six subparts is applicable, a party moving for relief under Rule 60(b) "must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and

3

exceptional circumstances." See Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (footnote omitted).  Although "for any reason that justifies relief" has been described as a catch-all provision, a motion under Rule 60(b)(6) may not be granted absent extraordinary circumstances. See Reid v. Angelone, 369 F.3d 363, 370 (4th Cir. 2004) (internal quotation marks omitted). "Relief under 60(b)(6) is warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." See Margoles v. Johns, 798 F.2d 1069, 1073 (7th Cir. 1986) (per curiam).

Although Plaintiff requests that the court reconsider *all* of its previous orders in the instant case, Rule 59(e) requires that a motion to alter or amend a judgment be filed no later than twenty-eight days after the entry of judgment.  As all of the court's orders except the September 30, 2011 order granting Defendant's motion for summary judgment were filed more than twenty-eight days before Plaintiff's motion for reconsideration, the court will only consider Plaintiff's motion as it relates to the court's September 30, 2011 order.

Plaintiff has not established any intervening change in controlling law; new evidence that could not have been adduced during the pendency of the motion, or a clear error of law, to support his motion for reconsideration pursuant to Rule 59(e).  As to Rule 60(a), the court finds that the order contains no applicable clerical mistakes, oversights or omissions.  As to Rule 60(b), the court finds that none of the six subparts of the Rule is applicable.  As to Rule 60(b)(6), there are no extraordinary circumstances that create a substantial danger that the underlying judgment was unjust.

Plaintiff's "motion for explanation and victim's protection," wherein Plaintiff seeks clarification of all of the court's orders, is not a cognizable motion under the Federal Rules of Civil Procedure.

## **Conclusion**

After a thorough review of the record in its entirety, the court denies Plaintiff's motion for reconsideration (ECF No. 251) and Plaintiff's "motion for explanation and victim's protection" (ECF No. 252).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

August 21, 2012

Columbia, South Carolina